UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS GIOVANNELLI, ) | |
| ) | |
| Plaintiff, ) | No. 1:21-CV-01092 |
| ) | |
| v. ) | |
| ) | Judge Edmond E. Chang |
| WALMART, INC., and ) | |
| WAL-MART.COM USA, LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

A U.S. Army photographer took a photo of Nicholas Giovannelli when he was conducting a combat patrol in Afghanistan. R. 85, Def.'s SOMF ¶ 2; R. 85-1, Giovannelli Dep. 1 at 19–20.[1] In 2016, Walmart began selling posters with that photo on them. R. 85-3, Ferrazzano Decl. ¶ 4. Giovannelli found out about these posters in 2020 and says that seeing them retriggered the post-traumatic stress disorder that he developed during his military service. R. 87-1, Ex. D, Giovannelli Dep. 2 at 28:17–29:7. So he sued Walmart in 2021, claiming that it violated the Illinois Right of Publicity Act, 765 ILCS 1075/1 *et seq.*, and negligently inflicted emotional distress on him. R. 54-1, Am. Compl. at 3–5.[2] Earlier in the case, the emotional-distress claim was dismissed. R. 23, MTD Op. at 1–2.

---

[1]Citations to the record are noted as "R." followed by the docket number.

[2]This case was removed from the Circuit Court of Cook County. R. 2, Notice of Removal at 1–5. This Court has diversity jurisdiction over the case under 28 U.S.C. § 1332. Giovannelli is a citizen of Illinois, whereas Walmart, Inc. is a Delaware corporation with its principal place of business in Arkansas, and Wal-Mart.com USA, LLC, has a single member, namely,

Walmart now moves for summary judgment on the remaining claim, arguing that it is time-barred under the Publicity Act's statute of limitations. R. 86, Def.'s Br. at 4–5. Even when the evidence is viewed in Giovannelli's favor, the limitations period for the Publicity Act claim ended in 2017, so Walmart's motion must be granted.

## I. Background

When Nicholas Giovannelli was deployed to Afghanistan as part of his admirable and extensive military service, an Army photographer took a photo of him engaged in combat patrol. *See* Def.'s SOMF ¶ 2; Giovannelli Dep. 1 at 19–20. The photo was then uploaded and made publicly available on the Department of Defense's website. Def.'s SOMF ¶ 3; R. 85-2, Rossotto Dep. at 114–15. StockTrek Images, an image aggregator, downloaded and licensed the photo to Posterazzi, a poster company, which began making posters with Giovannelli's combat photo on them. Rossotto Dep. at 114–15; Ferrazzano Decl. ¶ 3. In 2016, Walmart started selling these posters on its website. Ferrazzano Decl. ¶ 4.

Then in 2020, a friend of Giovannelli stumbled upon the posters online and told him about them. Giovannelli Dep. 2 at 17:7–20. Giovannelli says that seeing his combat photograph on the posters retriggered the post-traumatic stress disorder that he developed during his military service. *Id.* at 28:17–29:7. And he explains that this wiped away the progress that he had made in treating his PTSD in the years since

---

Walmart, Inc. Notice of Removal at 2–3. And the amount in controversy is more than $75,000. Am. Compl. at 5.

he was medically discharged from the Army. *Id.*; *see* R. 87-1, Ex. E, Ionela Dep. at 10:2–13; 11:13–13:6.

So he brought this suit, alleging that Walmart (among others) violated the Illinois Right of Publicity Act and negligently inflicted emotional distress on him. Am. Compl. at 3–5. Earlier in the case, the Court dismissed the emotional-distress claim but allowed the Publicity Act claim to move forward. MTD Op. at 1–2. Walmart now moves for summary judgment, arguing that Giovannelli's claim is time-barred by the Publicity Act's statute of limitations and that even if that were not so, he is not entitled to emotional or punitive damages. Def.'s Br. at 1, 4, 7, 10.

## II. Legal Standard

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The Court may not weigh conflicting evidence or make credibility determinations, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), and must consider only evidence that can "be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that it is

entitled to judgment as a matter of law. *Carmichael v. Village of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010). If this burden is met, the adverse party must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

### III. Analysis

Walmart begins by arguing that the Publicity Act claim is time-barred by the Act's statute of limitations. Def.'s Br. at 4–7. That is correct and is fatal to Giovannelli's suit.

The Publicity Act does not itself set forth a specific statute of limitations, and the Illinois Supreme Court has not weighed in on what statute of limitations should apply to claims under the Act. But where "the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently." *Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015). In *Blair v. Nevada Landing Partnership*, 859 N.E.2d 1188, 1192 (Ill. App. Ct. 2006), the Illinois Appellate Court explained that because the Publicity Act replaced the common law tort of appropriation of likeness, the one-year statute of limitations for that common law tort carries over and applies to the statutory cause of action. *Id.* at 1192. The appellate court also reasoned that because "a plaintiff's cause of action in tort usually accrues at the time his or her interest is invaded," the one-year clock for Publicity Act claims begins "when the objectionable material was first published." *Id.* The Court agrees with this reasoning: the statutory cause of action replaced the

4

common law tort, so it stands to reason that the Illinois legislature would adopt the previously applicable statute of limitations. And there is no reason to think that the Illinois Supreme Court would decide this issue differently. So the Court—like other courts in this district— adopts and follows the guidance in *Blair*. *See, e.g.*, *Bonilla v. Ancestry.com Operations*, 628 F.Supp.3d 812, 817 (N.D. Ill. 2022).

That means that Giovannelli's claim is time-barred. Here, "the objectionable material was first published" in 2016, when Walmart first listed the posters on their website and began selling them. Ferrazzano Decl. ¶ 4. So the Publicity Act's one-year statute of limitations expired in 2017. But Giovannelli brought this suit in early 2021—several years too late. R. 54, Mot. for Leave to File Am. Compl. ¶ 1.

Giovannelli counters that the statute of limitations period should instead start in 2020, when he first actually discovered that Walmart was selling the posters online. R. 88, Pl.'s Resp. at 9–10. But that argument fails. *Blair* unambiguously explains that "the period of limitations commences" at the time of first *publication*, "*regardless* of when the plaintiff secured a copy or became aware of the publication." *Blair*, 859 N.E.2d at 1195 (emphasis in original). And, though Giovannelli suggests otherwise, that statement was not dicta; it was part of the opinion's holding. The Illinois Appellate Court devoted extensive discussion in deciding the issue, and then applied the single-publication standard to the case at hand. *Id.* at 1193–95.

That said, there is an exception to this rule. If the publication was "hidden, inherently undiscoverable, or inherently unknowable," then the limitations period begins when the plaintiff discovered it—not when it was first published. *Hukic v.*

5

*Aurora Loan Servs.*, 588 F.3d 420, 435 (7th Cir. 2009) (cleaned up).[3] But that exception does not apply here. Even when viewed in Giovannelli's favor, the record evidence conclusively establishes that the posters were not hidden, undiscoverable, or unknowable. Walmart listed them for sale on its public, searchable e-commerce website. R. 92-2, Def.'s Reply Exh. B at 1–3. And the listing contained a full-sized image of the poster, clearly depicting Giovannelli in combat. *Id.* True, the poster was not labelled with Giovannelli's name on Walmart's website. But his friend found the poster listing online by conducting a search using the term "14 Bravo"—Giovannelli's Army unit name. R. 87-1, PSOF Exh. G, Macias Decl. ¶ 5. That is enough to establish that the publication was readily discoverable and falls outside the exception. *See Carroll v. Gibbar*, 2019 Il. App. 180418-U at ¶ 15 (4th Dist. May 15, 2019) ("There is nothing inherently undiscoverable about a posting on a publicly accessible website ….").

Finally, the timeliness of the Publicity Act claim cannot be saved by the "continuing violation rule." Under that rule, "where a tort involves a continuing or repeated injury the limitations period does not begin to run until the date of the last injury or the date the tortious acts cease." *Blair*, 859 N.E.2d at 1192–93. But if there is a "single overt act" that results in "continual ill effects," that *does not* qualify as a "continuing violation." *Id.* at 1193. So even if a defendant leaves a plaintiff's image

---

[3] This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

up for an extended period of time, if the publication is not "altered so as to reach a new audience or promote a different product," then the limitations period still starts running at the time of first publication and does not reset. *Id.* at 1194. That is the case here. Walmart published Giovannelli's image only once—when it began offering the poster of him for sale in 2016. And although Walmart kept the poster on its website until early 2021, it never altered Giovannelli's image, used it in a different way, or used it for a different purpose. *See* Def.'s Reply Exh. B at 1–3; Ferrazzano Decl. ¶ 4–6. So Walmart did not commit continuing violations, and the limitations period for the Publicity Act claim still began in 2016 and expired in 2017. Because the claim is time-barred, the Court grants Walmart summary judgment and need not reach whether Giovannelli is entitled to emotional-distress or punitive damages.

## IV. Conclusion

The Court grants Walmart's motion for summary judgment, R. 84, and dismisses the case with prejudice.

ENTERED:

　　　　s/Edmond E. Chang　　　　
Honorable Edmond E. Chang
United States District Judge

DATE: September 26, 2024