IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS GIOVANNELLI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 21-CV-01092 |
| WALMART, INC., and WAL-MART.COM USA, LLC, | ) ) ) Judge Chang ) |
| | ) Magistrate Judge Kim |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

Defendants, Walmart, Inc., and Wal-Mart.Com USA, LLC, by and through their attorneys, pursuant to 765 ILCS 1075/55 and Local Rule 54.3, hereby move this Court to recover their attorneys' fees in this case, and in support thereof state as follows:

1. Defendants have conferred with Plaintiff on this Motion and Plaintiff opposes the Motion being granted.

2. Plaintiff filed this lawsuit against Defendants, as well as others, in the Circuit Court of Cook County on January 6, 2021, asserting claims against them claims under Illinois' right of publicity statute, 765 ILCS 1075/1 *et seq.* ("IRPA") and for negligent infliction of emotional distress.

3. Defendants removed the case to this Court under 28 U.S.C. § 1332(a). Defendants then moved for dismissal. (ECF 9). The Court granted Defendants' motion to dismiss Plaintiff's negligent infliction of emotional distress claim but denied the motion on the IRPA claim, finding it was premature.

4. After completing discovery, Defendants filed a motion for summary judgment on Plaintiff's IRPA claim on September 15, 2023. (ECF 84). Plaintiff opposed the motion and filed a response in opposition. (ECF 88).

5. On September 26, 2024, the Court granted Defendants' summary judgment motion. (ECF 99). In its ruling, the Court found that Plaintiff's IRPA claim was time barred. Plaintiff has appealed the Court's ruling, and that appeal remains pending in the Seventh Circuit.

6. The IRPA allows for the prevailing party in a claim brought under the statute to seek attorneys' fees:

> The court may award to the prevailing party reasonable attorney's fees, costs, and expenses relating to an action under this Act.

765 ILCS 1075/55. Thus, while fees are not mandatory under the IRPA, the Court has the discretion to award fees. The Court should exercise its discretion the award Defendants their fees in this case.

7. Here there is no question that Defendants are the prevailing parties in this case. A party can be considered the prevailing party for the purpose of awarding attorney's fees when that party is successful on any significant issue in the action and by receiving a favorable judgment or obtaining an affirmative recovery. *Kel-Keef Enterprises v. Quality Components,* 316 Ill.App.3d 998, 1021 (1st Dist. 2000). Judgment was entered in favor of Defendants and against Plaintiff.

8. A court should award attorney fees pursuant to a statutory fee provision if doing so will promote the objectives of the statute and the fee provision. *Callinan v. Prisoner Review Board,* 371 Ill.App.3d 272, 276 (3rd Dist. 2007). Here awarding Defendants fees will promote the objectives of the statute by deterring similar claims that are time barred and forcing putative defendants from incurring fees and costs in defending stale suits, and not clogging the courts with time barred claims.

9. IRPA claims are analogous to copyright infringement claims, where the Copyright Act, like the IRPA, has a similar discretionary provision allowing attorneys' fees to prevailing parties. Under the law in this Circuit, there is a strong presumption that a prevailing party in a

copyright infringement claim is entitled to a presumption of recovering fees under Section 505. *Live Face on Web v. Cremation Society of Illinois*, 77 F.4th 630, 632 (7th Cir. 2023); *Eagle Services v. H2O Industrial Services,* 532 F.3d 620, 625 (7th Cir. 2008); *Mostly Memories v. For Your Ease Only,* 526 F.3d 1093, 1099 (7th Cir. 2008). "When the defendant is the prevailing party, who by definition receives not a small award but no award, the presumption in favor awarding fees is very strong." *Assessment Technologies of WI v. WIREdata,* 361 F.3d 434, 437 (7th Cir. 2004) (cited with approval by *Eagle Services*, 532 F.3d at 624); *DeliverMed Holdings v. Schaltenbrand,* 734 F.3d 616, 625 (7th Cir. 2013) ("As a consequence of their successful defense of an infringement suit, Defendants are entitled to a 'very strong' presumption in favor of receiving attorneys' fees."); *Klinger v. Conan Doyle Estate,* 761 F.3d 789, 791 (7th Cir. 2014); *Woodhaven Homes & Realty v. Hotz,* 396 F.3d 822, 824 (7th Cir. 2005); *Bell v. Carmen Commercial Real Estate Svs.*, 2020 WL 5016891, *6 (S.D.Ind. Aug. 25, 2020); *Bosch v. Ball-Kell*, 2007 WL 2994085, *5 (N.D.Ill. Oct. 11, 2007). "Whether to award fees is a matter for the district court's discretion, but our presumption places a heavy thumb on the scale in favor of doing so for a prevailing defendant." *Live Face on Web,* 77 F.4th at 632.

      10.     There are many good reasons for this rule. The party responsible for creating legal costs must bear them itself in the end. *Riviera Distributors v. Jones*, 517 F.3d 926, 929 (7th Cir. 2002). First, a defendant by definition receives no award in successfully defending a lawsuit such as this. A fee award thus spares prevailing defendants the "Pyrrhic victory" of winning the case but still losing money. *Klinger,* 761 F.3d at 791-792. The purposes of the statute are served when "[p]arties with strong positions are encouraged to stand on their rights, given the likelihood that they will recover fees from the losing (*i.e.*, unreasonable) party." *Kirtsaeng v. John Wiley & Sons,* 136 S.Ct. 1979, 1985 (2016). There is also a need to deter predatory litigation. As the Seventh

Circuit noted in *Assessment Technologies*, a defendant will always be under pressure to throw in the towel, in even the most defensible case, if the cost of settlement is less than the anticipated attorney's fees, "[f]or without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from enforcing his rights." *Assessment Technologies,* 361 F.3d at 437. The statute encourages a defendant to pursue meritorious defenses without fear of burdensome attorneys' fees and costs. *Fogerty v. Fantasy,* 510 U.S. 517, 527 (1994); *Woodhaven Homes,* 396 F.3d at 824. "[P]ost-*Fogerty*, courts have increasingly awarded attorneys' fees to prevailing defendants." *Warren Pub. v. Spurlock*, 2010 WL 760311, *3 (E.D.Pa. Mar. 3, 2010).

11. Even if the losing party shows that it acted in good faith and properly conducted itself in the litigation, such is not enough to overcome the presumption. *Gardner v. Southern Ry. Systems,* 675 F.2d 949, 954 (7th Cir. 1982); *Popeil Bros. v. Schick Elec.,* 516 F.2d 772, 776 (7th Cir. 1975). Instead, to overcome this presumption, analogous to the standard for overcoming an award of costs, Plaintiff would have needed to show misconduct by Defendants worthy of punishment. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988); *Popeil Bros.,* 516 F.2d at 774; *Delta Airlines v. Colbert*, 692 F.2d 489, 490 (7th Cir. 1982). There is no such evidence in this case.

12. The award of attorneys' fees also does not require sanctionable conduct. In *Mostly Memories,* the Seventh Circuit reversed the district court's denial of attorneys' fees to the prevailing defendant under 17 U.S.C. § 505 because the district court simply said that the plaintiff's conduct did not "warrant the imposition of sanctions." *Mostly Memories*, 526 F.3d at 1099. The Seventh Circuit explained that "the loser's conduct need not be 'sanctionable' for the winner to be entitled to attorney's fees under § 505." *Id.*

4

13. Courts also routinely award fees to defendants when a plaintiff's claims are dismissed because they are barred by the statute of limitations. *See, e.g., Fred A. Smith Lumber v. Edidin*, 845 F.2d 750 (7th Cir. 1988); *U.S. v. Gavilan Joint Cmty. Coll. Dist.*, 849 F.2d 1246, 1251 (9th Cir. 1988).

14. Further, Plaintiff has continued to pursue claims against Defendants despite the fact Defendants are innocent of any misconduct in this case. Plaintiff's image that is the subject of this case was at all relevant times, including today, publicly available on the Department of Defense's website for download. (ECF 85 ¶ 3). The Photograph containing Plaintiff's image was downloaded from that website not by Defendants, but by another Defendant Plaintiff has sued, StockTrek Images. (ECF 85 ¶ 4). StockTrek Images licensed the photograph to another Defendant Plaintiff has sued, Posterazzi, who in turn offered posters containing the Photograph to Defendants. (ECF 85 ¶¶ 5-11). Defendants had no knowledge that there was any issue with selling the posters until they were served with Plaintiffs' Complaint. (ECF 85 ¶¶ 14-19). As soon as learning of Plaintiff's claim the poster was immediately removed from the website. (ECF 85 ¶¶ 15-17). Defendants only sold two of the posters, both to Plaintiff's friend Saif Khan. (ECF 85 ¶ 18).

15. Defendants seek attorney's fees in the amount of $36,251.50. This amount sought is reasonable. Defendants have complied with Local Rule 54.3.

16. Attached hereto as Exhibit A is the Declaration of James K. Borcia, Defendants counsel, supporting the fees requested.

17. Attached hereto as Exhibit B is the parties' Joint Statement relating to Defendants' request for fees.

18. As set forth Paragraph 4 of the Joint Statement, while Plaintiff objects to any fees being awarded to Defendants, "Plaintiff has examined the time and work records produced by the Defendants and does not object to the hourly rates or the hours billed."

WHEREFORE, Defendants, Walmart, Inc., and Wal-Mart.Com USA, LLC, respectfully request that this Court grant Defendants their attorneys' fees as set forth herein in the amount of $36,251.50, and for such further relief as this Court deems just and appropriate.

        WALMART, INC. and WAL-MART.COM USA, LLC

        By:*/s/ James K. Borcia*
            One of Their Attorneys

James K. Borcia (*jborcia@tresslerllp.com*)
TRESSLER LLP
233 S. Wacker Drive 61st Floor
Chicago, IL 60606
(312) 627-4000

(12549-1) 4923-9199-8985, v. 1