IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS GIOVANNELLI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 21-CV-01092 |
| ) | |
| WALMART, INC., and WAL-MART.COM ) | Judge Chang |
| USA, LLC, ) | |
| ) | Magistrate Judge Kim |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES**

Defendants Walmart, Inc. and Wal-Mart.Com USA, LLC, by and through their attorneys, hereby submit their Reply in support of their Motion for Attorneys' Fees ("Motion").

**INTRODUCTION**

Defendants filed a Motion seeking their attorneys' fees incurred in defending against Plaintiff's claims in this case. (ECF 113). Plaintiff filed a response in opposition to Defendants' Motion ("Response"). (ECF 115). Before addressing the arguments raised in the Response, it is important to point out the issues Plaintiff does not contest. First, Plaintiff does not contest the fact that Defendants are the prevailing parties in this case. Second, Plaintiff does contest the fact that the statute at issue, Illinois' right of publicity statute, 765 ILCS 1075/55 ("IRPA"), provides that attorneys' fees may be awarded to prevailing parties in claims brought under the statute. Third, Plaintiff does not contest that Defendants incurred $36,251.50 in attorneys' fees in defending this case, and that amount is reasonable.

**ARGUMENT**

**1. Defendants Are Not Required to Show Bad Faith**

Plaintiff suggests that Defendants' Motion should be denied because Defendants cannot show Plaintiff acted in bad faith in pursuing his claims against them in this case. But Defendants

are not required to do so. The statute under which Defendants seek fees, Illinois' IRPA, has no such requirement. Rather, the IRPA simply provides that attorneys' fees may be awarded to a prevailing party for any claim brought under the statute. *Cf. Bittner v. Sadoff & Rudoy Industries,* 728 F.2d 820 (7th Cir. 1984) (rejecting dual standard for awarding fees in ERISA cases).

In support of this argument, Plaintiff cites cases under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a. But that statute has no bearing on the issues in this Motion, and Plaintiff cites no authority supporting this argument.

Plaintiff also argues that the standard for plaintiffs pursuing fees under the IRPA should be viewed differently than for prevailing defendants, and that "awarding fees to a defendant cannot promote the objectives of the Act." (Response at 4). In essence, Plaintiff argues that only prevailing plaintiffs can recover fees under the statute. But the language of the statute is to the contrary, allowing a "party," who prevails under the Act to recover fees, which necessarily includes both plaintiffs and defendants. *Cf. Live Face on Web v. Cremation Society of Illinois*, 77 F.4th 630, 632 (7th Cir. 2023); *Eagle Services v. H2O Industrial Services,* 532 F.3d 620, 625 (7th Cir. 2008); *Mostly Memories v. For Your Ease Only,* 526 F.3d 1093, 1099 (7th Cir. 2008); *Assessment Technologies of WI v. WIREdata,* 361 F.3d 434, 437 (7th Cir. 2004). If Plaintiff's argument were adopted, prevailing defendants could never recover their fees. If the legislature had intended that result, it could have easily written the statute to reflect that intent. It did not do so, and instead allows prevailing parties, whether that party be a plaintiff or a defendant, to petition a court for its fees in such a case. Plaintiff's attempt to have this Court rewrite the statute to now serve his purposes should be rejected.

### 2. Defendants Did Not Violate the IRPA

Plaintiff characterizes Defendants are "wrongdoers," and argues that Defendants violated

the IRPA by offering Plaintiff's image for sale without his consent or a valid license. (Response at 6). But Plaintiff proved no such violation or any such "wrongdoing" by Defendants. Plaintiff's claim was found to be time barred, and as a result the Court did not reach any of the elements to Plaintiff's claim. Further, the image that Plaintiff references was not owned by Plaintiff, but rather was at all relevant times, including today, a publicly available photograph owned by the Department of Defense and available for download to the public on its website, *https://www.defense.gov/Multimedia/Photos/igphoto/2002026863*. (ECF 89 ¶¶ 3-4).

### 3. Analogous Case Law Favors Defendants' Position

In their Motion, Defendants argued that IRPA claims are analogous to copyright infringement claims, where the Copyright Act, like the IRPA, has a similar discretionary provision allowing attorneys' fees to prevailing parties, and under the law in this Circuit, there is a strong presumption that a prevailing party in a copyright infringement claim is entitled to recovering fees. The Seventh Circuit has found that IRPA claims are analogous to copyright infringement claims. *Leto v. RCA,* 341 F.Supp.2d 1001, 1006 (N.D. Ill. 2004) ("The Seventh Circuit has held that an individual's persona—the element protected by a right of publicity claim—can fall within the subject matter of copyright.").

Plaintiff argues, without citing any support whatsoever, that "[c]opyright cases are typically battles between business entities, often fighting over issues with significant economic impact to the parties. IRPA cases largely involve fights between an individual and a business entity, often under circumstances where actual damages are modest and the resources of the parties are unequal." (Response at 4-5). Not only is this argument wholly unsupported, it is contrary to Seventh Circuit authority, including *Leto*.

The only IRPA case Plaintiff cites supporting his argument is *Pratt v. Everalbum*, 283

F.Supp.3d 664 (N.D. Ill. 2017). But that decision was a non-precedential federal district court ruling. Further, that case is factually distinguishable from this case as, unlike Plaintiff here, the plaintiff in *Pratt* timely filed his claims. Further, the court there based its ruling on "advances in technology," which is not at issue in this case. *Id.* at 670.

### 4. Plaintiff's Attempt to Litigate the Court's Summary Judgment Ruling Fails

In granting Defendants' summary judgment motion, the Court found that Plaintiff filed this lawsuit more than three years after the statute of limitations expired on his IRPA claim.[1] But Plaintiff nevertheless brazenly suggests in his Response that his claim was timely filed:

> At the outset of this case this Court denied defendants' Motion to Dismiss, which was based on the statute of limitations (ECF 23). In doing so the Court recognized that Illinois applies the discovery rule when the publication is "hidden, inherently undiscoverable, or inherently unknowable" and discovery was necessary before determining whether the discovery rule applied. (ECF 23, p.7). The evidence showed that plaintiff's image could not be found with a simple computer name search. (ECF 99, p. 6). Thus, the sale of his image was unknown to Plaintiff until, as the Court has acknowledged, plaintiff's friend "stumbled upon the posters online" and informed Plaintiff. (ECF 99, p. 2).

(Response at 3). In its summary judgment ruling the Court rejected Plaintiff's argument:

> *Blair* unambiguously explains that "the period of limitations commences" at the time of first *publication*, "*regardless* of when the plaintiff secured a copy or became aware of the publication…. the posters were not hidden, undiscoverable, or unknowable. Walmart listed them for sale on its public, searchable e-commerce website… the limitations period for the Publicity Act claim still began in 2016 and expired in 2017.

(ECF 99 at 5-7). Notably, Plaintiff's argument has also been rejected in the companion case he filed against Amazon and Posterazzi over the same photograph, *Giovannelli v. Amazon.com Inc.,* Case No. 22 C 2161 (ECF 90 pp. 3-4). Plaintiff's continued suggestion that his claim was timely filed, despite these well-reasoned and proper rulings against him, further support Defendants' request for fees.

---

[1] Plaintiff is appealing this Court's ruling, and that appeal is currently pending in the Seventh Circuit.

**CONCLUSION**

WHEREFORE, Defendants, Walmart, Inc., and Wal-Mart.Com USA, LLC, respectfully request that this Court grant Defendants their attorneys' fees as set forth in their Motion in the amount of $36,251.50, and for such further relief as this Court deems just and appropriate.

                                      WALMART, INC. and WAL-MART.COM USA, LLC

                                      By:*/s/ James K. Borcia*
                                                One of Their Attorneys

James K. Borcia (*jborcia@tresslerllp.com*)
TRESSLER LLP
233 S. Wacker Drive 61st Floor
Chicago, IL 60606
(312) 627-4000

(12549-1) 4927-6088-9617, v. 17